# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ALEXSAM, INC., § § § *Plaintiff*, § § v. § SIMON PROPERTY GROUP (TEXAS), § L.P., BLACKHAWK NETWORK, INC., § AMERICAN EXPRESS TRAVEL § RELATED SERVICES COMPANY, INC., § US BANK NA, § § *Defendants*. § | CIVIL ACTION NO. 2:19-CV-00331-JRG |

## ORDER

Before the Court is the Motion to Sever and Transfer Simon Property Group, L.P.'s Third-Party Complaint Under 28 U.S.C. § 1404(a) (the "Motion to Transfer") filed by Defendant U.S. Bank National Association ("U.S. Bank") (Dkt. No. 133). After careful consideration of the briefing (Dkt. Nos. 122, 130, 155, 171) and the oral argument, the Court finds that the Motion to Transfer should be and hereby is **GRANTED**.

## I.   INTRODUCTION

Plaintiff Alexsam, Inc. ("Alexsam") sued Simon Property Group, L.P. ("SPG"), alleging that it infringed U.S. Patent No. 6,000,608 (the "'608 Patent") through various gift card programs. (Dkt. No. 1). SPG sought leave and filed a Third-Party Complaint against U.S. Bank alleging that U.S. Bank owed it defense and indemnity obligations related to Alexsam's patent infringement claims against SPG. (Dkt. Nos. 65, 66, 88). Approximately a year after filing the Complaint against SPG, Alexsam filed its Second Amended Complaint ("SAC") adding U.S. Bank, American

Express Travel Related Services Company, Inc. ("Amex"), and Blackhawk Network, Inc. ("Blackhawk") as defendants. (Dkt. No. 90). The Court has since transferred Alexsam's claims against U.S. Bank and Amex to the Southern District of Ohio and the Southern District of New York (the "SDNY"), respectively. (Dkt. Nos. 281, 296).

SPG seeks a declaratory judgment and alleges breach of contract against U.S. Bank on the basis that it is obligated under an indemnity agreement (the "SPG-U.S. Bank Agreement") to indemnify SPG for the infringement claims brought by Alexsam. (Dkt. No. 66 at 9–12). The SPG-U.S. Bank Agreement contains a forum-selection clause stating:

> [t]his Agreement shall be governed by and construed in accordance with the substantive laws of the State of Minnesota. Any action brought to enforce any rights under this Agreement shall be brought in federal court in New York.

(Dkt. No. 66-2 at 70). By the instant Motion to Transfer, U.S. Bank urges the Court to enforce this forum-selection clause by severing and transferring SPG's Third-Party Complaint to the SDNY. (Dkt. No. 122 at 6).

## II.    LEGAL STANDARDS

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in the clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). "[A]s the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* at 63.

"For cases where all parties signed a forum selection contract, the analysis is easy: except in a truly exceptional case, the contract controls." *In re Rolls Royce Corp.*, 775 F.3d 671, 679 (5th Cir. 2014. In such cases, only the public-interest considerations are relevant because "the plaintiff's choice of forum merits no weight" and "the parties' private interests . . . weigh entirely

in favor of the preselected forum." *Atl. Marine*, 571 U.S. at 64. For cases where some but not all parties have entered into a forum selection clause, a court deciding whether to sever and transfer claims should conduct a three-step analysis: "First, pursuant to *Atlantic Marine*, the private factors of the parties who have signed a forum agreement must, as matter of law, cut in favor of severance and transfer to the contracted forum. Second, the district court must consider the private factors of the parties who have not signed a forum selection agreement as it would under a [Fed. R. Civ. P.] 21 severance and [28 U.S.C. § 1404] transfer analysis. Finally, [the Court] must ask whether this preliminary weighing is outweighed by the judicial economy considerations of having all claims determined in a single lawsuit." *In re Rolls Royce Corp.*, 775 F.3d at 681. A district court has broad discretion to sever any claim against any party.  Fed. R. Civ. P. 21; *In re Rolls Royce Corp.*, 775 F.3d at 680.

### III.  DISCUSSION

US Bank argues that the forum-selection clause is valid, enforceable, and clearly governs this dispute. (Dkt. No. 122 at 10–11). U.S. Bank further argues that under *Atlantic Marine*, SPG has not met its heavy burden of showing "extraordinary circumstances" to overcome the forum-selection clause, and the public interest factors do not weigh against transfer. (*Id*. at 11–15). As to the private interests of non-signatories to the forum-selection clause, U.S. Bank contends that "AlexSam, Blackhawk, and American Express have no private interest that would require overriding the forum-selection clause governing [SPG's] dispute with U.S. Bank" regarding "which party is responsible for [SPG's] defense costs." (*Id*. at 17). Accordingly, U.S. Bank urges the Court to transfer SPG's Third-Party Complaint to the SDNY.[1]

---

[1] Without specifying a particular district within the state of New York, the forum-selection clause states that "[a]ny action brought to enforce any rights under this Agreement shall be brought in federal court in New York." (Dkt. No. 66-2 at 70). However, neither party addresses this point in its briefing, and SPG does not dispute the propriety of venue in the SDNY, as opposed to another district within the state.

SPG does not dispute that the forum-selection clause at issue is valid and enforceable, or that its claims against U.S. Bank are governed by the forum-selection clause. As to the private interests of non-signatories to the forum-selection clause, SPG argues that "[s]evering the third-party claims and transferring them to the [SDNY] will undoubtedly cause added expense and inconvenience to all parties and third parties involved in the [underlying case], and may also cause the detriment of inconsistent results." (Dkt. No. 130 at 13–14). SPG asserts that judicial efficiency would also be undermined by transfer because (1) its claims for indemnity and defense against U.S. Bank relate directly to Alexsam's claims of infringement against SPG; and (2) U.S. Bank is already a defendant as part of Alexsam's separate claims of infringement against U.S. Bank. (*Id*. at 14–16). Accordingly, SPG argues that "[a] request for severance and transfer from a third-party defendant—particularly a third-party defendant who is also a named defendant in the underlying action—presents a highly 'exceptional case[]' wherein a court can disregard a forum selection clause." (*Id*. at 10).

The Court finds that this case is not so unusual or extraordinary that the parties' bargained-for forum-selection clause should be disregarded. First, under the framework set forth in *In re Rolls Royce Corp.*, the Court must assume that the private interests of SPG and U.S. Bank—the signatories to the SPG-U.S. Bank Agreement—favor severance and transfer to the SDNY. 775 F.3d at 681. Second, the Court must consider whether the private interests of the non-signatories to the SPG-U.S. Bank Agreement—*i.e.*, Alexsam, Amex, and Blackhawk—weigh against transfer. *Id*. at 679–83. The Court finds that SPG has not shown that these parties have a sufficiently strong interest which would justify keeping the third-party claims against U.S. Bank before this Court, in spite of the forum-selection clause. Indeed, the Court previously transferred Alexsam's claims against Amex to the SDNY and stayed SPG's third-party claims against Amex pending arbitration

of the same. (*See* Dkt. Nos. 287, 296). With respect to Alexsam and Blackhawk, the only private interests SPG identifies are interests in collective scheduling and discovery, convenience, and the risk of inconsistent results between forums. (Dkt. No. 130 at 13–14). However, these interests are not unique to this case and do not justify disregarding the forum-selection clause. Finally, SPG's stated judicial efficiency concerns do not tip the scales in its favor. Alexsam's infringement claims against U.S. Bank have been transferred to the Southern District of Ohio. (*See* Dkt. No. 281). As such, U.S. Bank is no longer a separate defendant in this case, and contrary to SPG's contention, will not "have to defend itself and litigate in this forum regardless of SPG's third-party claims." (Dkt. No. 130 at 14).

### IV.    CONCLUSION

For the foregoing reasons, U.S. Bank's Motion to Sever and Transfer Simon Property Group, L.P.'s Third-Party Complaint Under 28 U.S.C. § 1404(a) (Dkt. No. 133) is **GRANTED**. Accordingly, the Court hereby **SEVERS** all claims asserted by Simon Property Group, L.P. against U.S. Bank National Association (Dkt. No. 66) and directs the Clerk of Court to **TRANSFER** the same to the United States District Court for the Southern District of New York in accordance with 28 U.S.C. § 1404(a).

**So ORDERED and SIGNED this 17th day of September, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE